Slip Op. 13-10

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FUWEI FILMS (SHANDONG) CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Leo M. Gordon, Judge <br><br> Consol. Court No. 11-00061 |

**OPINION**

[Remand results sustained.]

Dated: January 24, 2013

David J. Craven, Riggle & Craven, of Chicago, IL, for Plaintiffs Fuwei Films (Shandong) and Shaoxing Xiangyu Green Packing Co., Ltd.

David F. D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Defendant United States. With him on the brief were Stuart F. Delery, Principal Deputy Assistant Attorney General, Jeanne E. Davidson, Director and Patricia M. McCarthy, Assistant Director. Of Counsel on the brief was Whitney Rolig, Office of the Chief Counsel for Import Administration, International Trade Administration, Department of Commerce, of Washington, DC.

Ronald I. Meltzer, Patrick J. McLain, David M. Horn, and Jeffrey I. Kessler, Wilmer, Cutler, Pickering, Hale and Door, LLP, of Washington, DC, for Defendant-Intervenors DuPont Teijin Films, Mitsubishi Polyester Film, Inc., SKC, Inc., and Toray Plastics (America), Inc.

Gordon, Judge: This consolidated action involves an administrative review conducted by the U.S. Department of Commerce ("Commerce") of the antidumping duty order covering Polyethylene Terephthalate ("PET") Film from the People's Republic of China. See Polyethylene Terephthalate Film from the People's Republic of China,

76 Fed. Reg. 9,753 (Dep't of Commerce Feb. 22, 2011) ("Final Results") and accompanying Issues and Decision Memorandum, A-570-924 (Feb. 14, 2011), available at http://ia.ita.doc.gov/frn/summary/prc/2011-3909-1.pdf (last visited this date) ("Decision Memorandum"). Before the court are the Final Results of Redetermination, Oct. 15, 2012, ECF No. 70, ("Remand Results"), filed by Commerce pursuant to Fuwei Films (Shandong) Co. v. United States, 36 CIT ___, 837 F. Supp. 2d 1347 (2012) ("Fuwei"). The court has jurisdiction pursuant to Section 516A(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(iii) (2006),[1] and 28 U.S.C. § 1581(c) (2006). For the reasons set forth below, the Remand Results are sustained.

## I. Standard of Review

For administrative reviews of antidumping duty orders, the court sustains determinations, findings, or conclusions of the U.S. Department of Commerce unless they are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). More specifically, when reviewing agency determinations, findings, or conclusions for substantial evidence, the court assesses whether the agency action is reasonable given the record as a whole. Nippon Steel Corp. v. United States, 458 F.3d 1345, 1350-51 (Fed. Cir. 2006). Substantial evidence has been described as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." DuPont Teijin Films USA v. United

---

[1] Further citation to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2006 edition.

States, 407 F.3d 1211, 1215 (Fed. Cir. 2005) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  Substantial evidence has also been described as "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence."  Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).  Fundamentally, though, "substantial evidence" is best understood as a word formula connoting reasonableness review.  3 Charles H. Koch, Jr., Administrative Law and Practice § 9.24[1] (3d. ed. 2012).  Therefore, when addressing a substantial evidence issue raised by a party, the court analyzes whether the challenged agency action "was reasonable given the circumstances presented by the whole record."  Edward D. Re, Bernard J. Babb, and Susan M. Koplin, 8 West's Fed. Forms, National Courts § 13342 (2d ed. 2012).

## II. Discussion

Familiarity with the court's decision in Fuwei is presumed.  In the Final Results Commerce sourced data from the Indian Harmonized Tariff System (HTS) categories 3907.60.10 and 3907.60.20 to derive a surrogate value for the PET chips of respondents, Fuwei Films (Shandong) Co., Ltd., and Shaoxing Xiangyu Green Packing Co., Ltd. (collectively "Respondents").  Decision Memorandum at 12-16.  In Fuwei Respondents persuaded the court that Commerce's reliance on HTS category 3907.60.20, as opposed to 3907.60.10 alone, was unreasonable given the administrative record (unsupported by substantial evidence).  Fuwei, 36 CIT at ___,

837 F. Supp. 2d at 1356-57. The court remanded the issue to Commerce to clarify or reconsider its use of Indian Harmonized Tariff System (HTS) category 3907.60.20 in calculating a surrogate value for Respondents' PET chips. Id., 36 CIT at ___, 837 F. Supp. 2d at 1358-59.

At the same time, the court found wanting the argument of petitioners, DuPont Teijin Films, Mitsubishi Polyester Film, Inc., SKC, Inc., and Toray Plastics (America), Inc. (collectively "DuPont"), that HTS category 3907.60.20 was the one proper data source. Id., 36 CIT at ___, 837 F. Supp. 2d at 1356-57. During the immediately prior administrative proceeding the "DuPont Group" (consisting of the participating mandatory respondent, DuPont Teijin Films China Limited, together with DuPont Teijin Hongji Films Ningbo Co., Ltd., and DuPont-Hongji Films Foshan Co., Ltd.—all apparent affiliates of a petitioner here, DuPont Teijin Films), persuaded Commerce that HTS 3907.60.10, not 3907.60.20, was the proper data source by identifying different testing standards in China (ISO) and India (ASTM). See id., 36 CIT at ___, 837 F. Supp. 2d at 1354-55. In Fuwei DuPont failed to account for that prior successful litigating position, arguing, unconvincingly, that the administrative record did not support use of the ISO standard in China despite the record containing the same information that DuPont's affiliates submitted in the investigation. Id., 36 CIT at ___, 837 F. Supp. 2d at 1356-57. The court noted the prior litigating position and concluded DuPont's argument lacked merit. Id. ("At the outset, the court must note that DuPont has assumed a somewhat difficult position by arguing that HTS 3907.60.20 constitutes the only proper dataset (for

Respondents PET Chips) shortly after the DuPont Group successfully argued in the investigation that HTS 3907.60.10 is the only proper dataset (for the DuPont Group's PET chips").

On remand, Commerce determined that all of Fuwei's and Green Packing's PET chips were properly classified under Indian HTS category 3907.60.10. Remand Results at 19. Commerce found that the intrinsic viscosity for all of Fuwei's and Green Packing's PET chips had been tested using the ISO 1:1 methodology. Commerce based its determination on this Court's decision that Commerce reasonably inferred from the record that the ISO 1:1 test was used in China. Id. (citing Fuwei, 36 CIT at ___, 837 F. Supp. 2d. at 1356). Commerce also inferred that Indian Customs uses the ASTM 3:2 methodology. Commerce determined that all of Fuwei's and Green Packing's PET chips would fall within the range for Indian HTS 3907.60.10 once the intrinsic viscosities were converted from ISO 1:1 to ASTM 3:2. Commerce therefore reasonably determined from the administrative record that Indian HTS 3907.60.10 was the best available information for valuing Fuwei's and Green Packing's PET chips. Remand Results at 11-19, 26-35.

DuPont continues to challenge Commerce's determination that HTS category 3907.60.10 is the "best available information," 19 U.S.C. § 1677b(c)(1), for Respondents' PET chips. DuPont, however, now argues that the administrative record does not support that the ASTM standard is used in India (as opposed to its previous argument that ISO is not used in China). The court again concludes DuPont's argument

lacks merit. In the Remand Results Commerce reminded DuPont that it was the Dupont Group who stated in the investigation, "The ASTM test method is the prevailing standard in many countries, including India." Remand Results at 30.

DuPont attempts to explain this away, suggesting that the DuPont Group's statement did not reflect first-hand knowledge and only indicated a litigation position from a prior proceeding with a separate record and separate findings. Def.-Int. Cmts. Objecting to Commerce's First Remand Redetermination at 13-14, ECF No. 85 ("DuPont Br."). Problematically for DuPont, the administrative record here does not demonstrate that Indian Customs uses any other testing method, such as the ISO 1:1 test used in China. Id. at 18. As is the case with many antidumping issues, the record is open to interpretation. DuPont had an additional 18 months between the publication of the Final Results and Commerce's remand questionnaires to acquire and submit record evidence that the ISO standard is used in India, as well as to clarify and correct for Commerce, the other interested parties, and the court, the prior successful litigating position of its affiliate the DuPont Group (for example, explaining whether the certifications accompanying the DuPont Group's prior submissions, see 19 C.F.R. § 351.303(g), were valid and made in good faith). It did not.

DuPont also argues that "[n]o reasonable mind could infer from" the record evidence "that the ASTM method is the only testing method used by Indian Customs." DuPont Br. at 13. Just as it did when challenging Commerce's inference that the ISO standard is generally used in China, DuPont again erroneously assumes that the

reasonableness of Commerce's findings with respect to the utilization of ASTM in India depend on absolutes and evidentiary exactitude.  See Fuwei, 36 CIT at ___, 837 F. Supp. 2d at 1355-56.  As the court previously explained, "the statute does not require, nor have the courts imposed, a requirement of evidentiary exactitude for Commerce's surrogate valuations." Id., 36 CIT at ___, 837 F. Supp. 2d at 1356.  And judicial review of "Commerce's action here does not depend on absolutes like always or never, but instead on whether Commerce's inference about [India's ASTM utilization] is reasonable given the information on the administrative record." Id.  Here, it is.  Commerce carefully considered and explained the record evidence, as well as the lack of evidence supporting DuPont's other preferred outcomes.  Remand Results at 26-35. Commerce's determination that Indian HTS 3907.60.10 was the best available information for valuing PET Chips—a result first conceived, argued, and supported by the DuPont Group—is more than reasonable given the facts and circumstances of the administrative record, and therefore must be sustained.

### III. Conclusion

Commerce's Remand Results are sustained, and judgment will be entered accordingly.

                                           /s/ Leo M. Gordon
                                           Judge Leo M. Gordon

Dated: January 24, 2013
      New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FUWEI FILMS (SHANDONG) CO., LTD., <br><br>                Plaintiff, <br><br>         v. <br><br>UNITED STATES, <br><br>                Defendant. | Before: Leo M. Gordon, Judge <br><br>Consol. Court No. 11-00061 |

**JUDGMENT**

This case having been submitted for decision, and the court, after due deliberation, having rendered opinions; now in conformity with those opinions, it is hereby

**ORDERED** that final results of the administrative review of the antidumping duty order covering polyethylene terephthalate film from the People's Republic of China, Polyethylene Terephthalate Film from the People's Republic of China, 76 Fed. Reg. 9,753 (Dep't of Commerce Feb. 22, 2011) ("Final Results") and accompanying Issues and Decision Memorandum, A-570-924 (Feb. 14, 2011), available at http://ia.ita.doc.gov/frn/summary/prc/2011-3909-1.pdf (last visited this date), are sustained, except for the matters covered by the Final Results of Redetermination, ECF No. 70, ("Remand Results"), filed by Commerce pursuant to Fuwei Films (Shandong) Co. v. United States, 36 CIT \_\_\_, 837 F. Supp. 2d 1347 (2012); it is further

**ORDERED** that the Remand Results are sustained; and it is further

Consol. Court No. 11-00061                                                                                          Page 2

**ORDERED** that the subject entries enjoined in this action, see <u>Fuwei Films (Shandong) Co. v. United States</u>, Consol. Court No. 11-00061 (USCIT Mar. 25, 2011) (order granting consent motion for preliminary injunction), ECF No. 24, must be liquidated in accordance with the final court decision, including all appeals, as provided for in Section 516A(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e) (2006).

                                                                                   /s/ Leo M. Gordon
                                                                                   Judge Leo M. Gordon

Dated: January 24, 2013
       New York, New York